IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ERIC TURNER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:20-cv-02271-JTF-tmp |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| d/b/a FedEx Express ) | |
| ) | |
|     Defendant. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the court is the defendant Federal Express Corporation's ("FedEx") Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12.) Plaintiff Eric Turner filed his *pro se* complaint against the defendant on April 9, 2021, alleging that FedEx, his former employer, fired him on the basis of his sexual orientation and race in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) For the reasons set forth below, the undersigned recommends that FedEx's motion be granted in part and denied in part.

    **I.**    **FACTUAL AND PROCEDURAL HISTORY**

This is a case about sexual orientation and race discrimination. Turner, a gay Black man, began working for FedEx on November 29, 1989, as a Security Officer. (ECF No. 1, 5.) He worked for FedEx for over 20 years, was named Officer of the Year in 2017, and received a promotion to Senior Security. (*Id.*) However, throughout this time, Turner was subjected to repeated "unwelcome and embarrassing comments" from coworkers and management regarding

his sexual orientation. These included statements of religious condemnation and frequent assertions that "God made Adam and Eve, not Adam and Steve." (*Id.*) Turner repeatedly complained about this harassment, but no action was ever taken. (*Id.* at 6.)

Shortly after lodging complaints with Human Resources, Turner received a warning letter for sleeping on the job on September 27, 2018 and was subsequently terminated by Security Manager Joseph Laurenzi. (*Id.*) This termination was effective on October 12, 2018. (ECF No. 1-1, 3.) Turner does not dispute that he was sleeping but claims that heterosexual and white Security Officers often slept on the job and were either not punished at all or at most given 3-day suspensions. (ECF No. 1, 6.) Specifically, Turner cites to his coworker Dell Hayes, a heterosexual white male, who he states only received a three-day suspension after being found sleeping on the job. (*Id.*) Turner immediately appealed his termination through FedEx's Guaranteed Fair Treatment Procedure, an internal grievance process for contesting adverse employment decisions. (ECF No. 1, 6; ECF No. 1-1, 4.) The Guaranteed Fair Treatment Procedure upheld his termination on some unspecified date in December 2018, which Turner attributes to race discrimination. (ECF No. 1, 6-7.)

Turner then filed a charge with the Equal Employment Opportunity Commission on September 18, 2019. (*Id.* at 8.) The EEOC closed his case file on January 8, 2020, noting that his charge was "not timely filed with EEOC." (ECF No. 1-1, 2.) Turner filed his *pro se* complaint on April 9, 2021, alleging violations of Title VII of the Civil Rights Act of 1964 stemming from his termination. (ECF No. 1, 1-3.) Specifically, Turner alleged that he had "been discriminated against based upon [his] sexual orientation and preferences and [his] race." (*Id.* at 4.) He attached multiple documents detailing the facts above. (ECF No. 1-1.) Summons was issued as to FedEx on June 22, 2021. (ECF No. 9.) FedEx then filed the present Motion to Dismiss for Failure to

State a Claim on September 9, 2021, arguing that Turner's claim was barred by the statute of limitations due to his failure to timely file his EEOC charge. (ECF No. 12.) After this motion was filed, Turner retained counsel on October 21, 2021, (ECF No. 14), who filed a response on October 29, 2021, (ECF No. 16.) FedEx then filed a reply on November 9, 2021. (ECF No. 17.)

## II.  LEGAL STANDARD

To avoid dismissal for failure to state a claim under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Courts liberally construe *pro se* pleadings, but even a *pro se* complaint must satisfy the plausibility standard.[1] *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "Courts 'have no obligation to act as counsel or paralegal' to pro se litigants." *Matthews v. City of Memphis*, No. 2:14–cv–02094, 2014 WL 3049906, at *1 (W.D. Tenn. Jul. 3, 2014) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a pro se litigant's claim for him." *Id.* (quoting *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)).

---

[1] While Turner is no longer proceeding *pro se*, his complaint was filed as *pro se* litigant and thus will be construed liberally.

A relevant statute of limitations is an affirmative defense to any claim, and generally, a plaintiff "need not plead the lack of affirmative defenses to state a valid claim" under Rule 12(b)(6). *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). However, where "the allegations in the complaint affirmatively show that the claim is time-barred," then dismissing a case under Rule 12(b)(6) due to the statute of limitations may be appropriate. *Id.*

### III.   LEGAL ANALYSIS

1. *Turner's Title VII Claims*

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against any employee on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Discrimination on the basis of sexual orientation is a type of sex discrimination. *Bostock v. Clayton Cty., Ga.*, 140 S. Ct. 1731, 1743 (2020). Under the familiar standard of *McDonnell Douglas*, a *prima facie* case of Title VII race discrimination has four essential elements: 1) the plaintiff must be a member of a protected class, 2) they must suffer an adverse employment action, 3) they must be qualified for their position, and 4) a similarly-situated employee outside of the protected class or classes must be treated more favorably than them. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). However, a plaintiff is not required to state a *prima facie* case to survive a Motion to Dismiss, even though it may be helpful to their case. *Davis v. Prison Health Servs.*, 679 F.3d 433, 439-40 (6th Cir. 2012). Instead, "at the motion-to-dismiss stage, a plaintiff bringing an employment discrimination claim need only satisfy the plausibility standard of *Twombly*." *Menge v. City of Highland Park*, No. 21-10152, 2022 WL 54544, at *8 (E.D. Mich. Jan. 5, 2022) (citing *Smith v. Wrigley Mfg. Co. LLC*, 749 F. App'x 446, 448 (6th Cir. 2018)).

Procedurally, before a plaintiff can bring a Title VII claim in federal court, they must "file[e] *timely* charges of employment discrimination with the EEOC, and [receive] and ac[t] upon the EEOC's statutory notices of the right to sue." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)) (emphasis added).[2] The timeliness of an EEOC charge depends on whether the state where it is filed is a "deferral state," which has enacted its own laws prohibiting employment discrimination, or is not. *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394 407 (6th Cir. 1999). If the relevant state is a deferral state, then plaintiffs have a 300-day period in which to file their charge, while non-deferral states have only a 180-day period. *Id.* This 300-day period begins to run on the date when the plaintiff "learns of the [challenged] employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated." *Amini v. Oberlin College*, 259 F.3d 493, 499 (6th Cir. 2001).

FedEx argues that Turner failed to timely file his EEOC charge. They are correct. Tennessee is a deferral state, meaning Turner had a 300-day period after his termination in which to file his claim. *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 392 (6th Cir. 2019). Turner filed with the EEOC on September 18, 2019, 341 days after his termination. (ECF No. 1, 8.) The EEOC noted this when closing its file on his charge by checking a box indicating that Turner's claim was not timely filed. (ECF No. 1-1, 2.) Without filing a timely EEOC charge, Turner did not "satisfy [the] two administrative prerequisites" for bringing a Title VII claim in federal court. *Nichols*, 318 F.3d at 677. His Title VII claims are barred by this failure.

---

[2] Plaintiffs can alternatively pursue their claims through the state administrative equivalent of the EEOC rather than the federal agency, but some form of administrative charge is required before bringing a Title VII claim in federal court. *Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 392 (6th Cir. 2019).

Turner disagrees and states that the 300-day period should start upon the completion of the Guaranteed Fair Treatment Procedure process, which concluded sometime in December 2018.[3] (ECF No. 1, 7.) However, the Sixth Circuit and Supreme Court have noted that the date on which termination is effective, rather than the date of the resolution of an internal grievance process, is the proper start of the 300-day period. *Mull v. Southwest Tenn. Cmty. Coll.*, No. 20-5846, 2021 U.S. App. LEXIS 9576, at *5-6 (6th Cir. Apr. 1, 2021) (citing *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 232-34 (1976)). Further, the separate aims of Title VII and internal grievance procedures have led the Supreme Court to hold that the statute of limitations for the former is not tolled by the pendency of the later. *Electrical Workers*, 429 U.S. at 236 ("reaffirm[ing] the independence of Title VII remedies from other pre-existing remedies available to an aggrieved employee.") While Turner disputes that his termination was final before December 2018 "because [he] appealed the decision," (ECF No. 1, 7), FedEx's October 12, 2018 letter makes clear that his termination was effective on that day, (ECF No. 1-1, 3), a statement with which Turner later agrees, (ECF No. 1, 7.) Turner stopped being paid after October 12, (ECF No. 1-1, 3), an indication that "all parties so understood" that this was the relevant date of the "statutory occurrence" giving rise to the right to file EEOC charges. *Electrical Workers*, 429 U.S. at 234. The Guaranteed Fair Treatment Procedure even contemplates simultaneous "administrative investigation[s] or proceeding[s]" alongside its own review. (ECF No. 1-1, 7.) Turner's argument is foreclosed by the nature of the Guaranteed Fair Treatment Procedure and higher court precedent. His Title VII claims are dismissed.

2. *Turner's 42 U.S.C. § 1981 Claims*

---

[3] Turner does not specify the date on which the Guaranteed Fair Treatment Procedure issued a final decision, but any date during December 2018 would have been within the 300-day period.

While not explicitly plead in his complaint, Turner's Response to the Motion to Dismiss states that he "present[s] enough facts to support a 42 U.S.C. § 1981 claim."[4] (ECF No. 16, 4.) 42 U.S.C. § 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts" regardless of their race. The statute thus provides a "federal remedy against discrimination in private employment on the basis of race." *Wright v. Memphis Police Ass'n, Inc.*, No. 14-2913-STA-dkv, 2015 WL 3407358, at *6 (W.D. Tenn. May 26, 2015) (quoting *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975)). Section 1981 claims have two elements: 1) "the plaintiff must possess some contractual right that the defendant blocked or impaired," and 2) the plaintiff must "demonstrate that racial discrimination drove the decision to interfere with these contractual rights." *Williams v. Richland Cnty. Children Servs.*, 489 F. App'x 848, 851 (6th Cir. 2012). Courts "review claims of alleged race discrimination brought under § 1981 under the same standards as claims of race discrimination brought under Title VII[.]" *Id.*, 489 F. App'x at 851-52 (quoting *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999)); *see also Barrett v. Whirlpool Corp.*, 556 F.3d 502, 512 (6th Cir. 2009). These standards include the *prima facie* case elements of Title VII described above. *Id.* However, recent Supreme Court precedent clarified that the causation element requires a plaintiff to "initially plead and ultimately prove that, *but for* race, [they] would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Ass'n of African American Owned Media*, 140 S. Ct. 1009, 1019 (2020) (emphasis added). In his Response, Turner states that his complaint plead adequate factual material to support a claim under § 1981. FedEx disagrees, arguing that his complaint fails to plead the but-for causation necessary to support a § 1981 claim.

---

[4]Turner's failure to cite § 1981 in his complaint is not fatal; "the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters." *Quinn-Hunt v. Bennett Enterprises, Inc.*, 122 F. App'x 205, 207 (6th Cir. 2005) (quoting *Albert v. Carovano*, 851 F.2d 561, 571, n.3 (2d Cir. 1988)).

Turner's complaint focuses mostly on sexual orientation discrimination but clearly lists race discrimination as a separate cause. FedEx claims that because Turner "alleges racial animus *in addition* to other reasons that could plausibly have contributed to his termination, his Complaint does not pass muster" due to the requirement that he allege race was the "but-for" cause of his termination. (ECF No. 17, 6) (citing *Nadendla v. WakeMed*, No.: 5:18-CV-540-H, 2021 WL 1056521, at *2 (E.D. N.C. Feb. 23, 2021); *Adetoro v. King Abdullah Academy*, No. 1:19-cv-01918 (TNM), 2020 WL 7122858 (D.D.C. Dec. 4, 2020)). This goes too far. "There can be multiple 'but for' causes of harassment," or discrimination, and pleading two types of discrimination is not fatal to § 1981 claims. *Nathan v. Great Lakes Water Authority*, 992 F.3d 557, 567 (6th Cir. 2021) (citing *Bostock*, 140 S. Ct. at 1739); *see also Newman v. Amazon.com.*, No. 21-cv-531 (DLF), 2022 WL 971297, at *7 (D.D.C. Mar. 31, 2022) (stating that "the fact that [plaintiff] alleges that the defendants took discriminatory actions against her because of her sex does not preclude her allegation that they also took those actions because of her race"). Turner states that he believes "I have been discriminated against based upon my sexual orientation and preferences and my race," with each basis separately listed. (ECF No. 1, 4.) He later notes that Dell Hays, a heterosexual white coworker, was found sleeping on the job like Turner, but only received a three-day suspension. (ECF No. 1, 6.) Finally, Turner lists two separate "count[s]": Count I being sex discrimination and Count II being race discrimination. He has alleged two separate but-for causes. What is left then is to determine whether Turner's complaint meets the plausibility requirement of *Twombly*.

Turner's complaint is slim, but he has alleged enough to state a claim for race discrimination under § 1981. The Sixth Circuit reviews "claims of alleged race discrimination brought under § 1981 . . . under the same standards as claims of race discrimination brought under

8

Title VII," often by referring to *prima facie* case elements from *McDonnell Douglas*.[5] *Jackson*, 191 F.3d at 658. While the particulars of this *prima facie* case analysis are intended for use during summary judgment proceedings, they are "illustrative of whether [a plaintiff] has provided an adequate basis for [their] claims" at the motion to dismiss stage. *Chapman v. Olymbec USA, LLC*, No. 2:18-cv-02842-SHM-tmp, 2019 WL 5684177, at *8 (W.D. Tenn. Nov. 1, 2019). Regarding race discrimination, Turner's complaint states that he was a decorated, twenty-year employee of FedEx who was terminated for conduct for which a white coworker only received a three-day suspension. (ECF No. 1, 6.) Turner then directly attributes his treatment throughout the internal Guaranteed Fair Treatment Procedure to race discrimination and does not mention that process under Count I. (ECF No. 1, 7.) Put simply, Turner has alleged all elements of a Title VII claim of race discrimination in employment at this stage: membership in a protected class, an adverse employment action taken against him, strong qualifications for his job, and more favorable treatment of a coworker outside of the protected class for the exact same conduct. Consequently, he has alleged enough facts to state a claim under § 1981 as well.

### IV.   CONCLUSION

For the reasons above, FedEx' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Turner's Title VII claims are **DISMISSED** with Prejudice as time barred. However, Turner has alleged enough facts to state a § 1981 claim for race discrimination, and his claims under that statute survive.

**IT IS SO ORDERED** on this the 6th day of September 2022.

---

[5]The use of the Title VII *prima facie* case elements to analyze § 1981 claims in the Sixth Circuit is consistent with the Supreme Court's decision in *Comcast*. That decision dealt solely with causation and acknowledged that "*McDonnell Douglas* arose in a context where but-for causation was the undisputed test, [and] it did not address causation standards." *Comcast Corp.*, 140 S.Ct. at 1019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE